UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JAMIE LESTER LONGORIA** | **CIVIL ACTION NO. 23-1457-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **KAYLYNN REMEDIES, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Jamie Lester Longoria ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on October 13, 2023. Plaintiff is detained at the Sabine Parish Detention Center in Many, Louisiana, and claims his civil rights were violated by prison officials. Plaintiff names KayLynn Remedies and Berlin Sweet as Defendants.

Plaintiff is a pretrial detainee whose detention began on May 12, 2023. On May 18, 2023, his roommate returned to his residence and died. He claims his roommate died of natural causes.

Plaintiff claims that on May 23, 2023, Assistant Warden Kaylynn Remedies came to the door of his dorm and in front of the entire dorm stated that he needed to go back to Texas to get more dope so someone else could overdose at his house. Plaintiff claims this is a violation of his civil rights and defamed him and the deceased.

Plaintiff claims that on July 25, 2023, guards searched his dorm for contraband. He claims the guards found two tattoo needles, a toothpaste cap of dried ink, a plastic spoon with dried ink, and a bowl with dried ink in various cells. He claims that 30 minutes after the search, he was called to booking where there was a guard with a Miranda rights form. He claims the guard did not officially rebook him. He claims Kaylynn Remedies and Berlin Sweet charged only him for the contraband of the entire dorm.

Plaintiff states that on July 26, 2023, he wrote a grievance in the administrative remedy procedure regarding Assistant Warden Remedies allegedly defaming him on May 23, 2023. He claims he was placed on lockdown for three days for filing the grievance in the administrative remedy procedure.

Plaintiff claims the administration further disgraced him and injured his reputation by publicizing defamatory, false statements of a non-official arrest before he appeared in state court in order to portray him as someone with no regard of the law. He claims his name was slandered on the radio and in the newspaper. He claims the administrative staff later dropped all charges without a disciplinary hearing.

Plaintiff claims that on September 14, 2023, his legal mail was opened. He claims one letter was from the Louisiana Attorney Disciplinary Board regarding the termination of his attorney. He claims the other letter was from his former attorney regarding two different cases.

Accordingly, Plaintiff seeks compensatory and punitive damages.

## LAW AND ANALYSIS

**Defamation, Slander, and Libel Claims**

Plaintiff claims Assistant Warden Kaylynn Remedies violated his civil rights and defamed him on May 23, 2023. He also claims that the administration defamed and slandered him in the newspaper and on the radio by publicizing false statements of a non-official arrest. It is well established that there is no constitutional right to be free from defamation or slander. See Paul v. Davis, 96 S. Ct. 1155, 1166 (1976) (recognizing that, while a State may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate a "liberty" or "property" interest of the sort protected by the Due Process Clause). Thus, libel and slander are not cognizable under 42 U.S.C. § 1983, because a defamation claim does not involve the deprivation of any rights, privileges or immunities which are secured by the Constitution or laws of the United States. See Cook v. Houston Post, 616 F.2d 791, 794 (5th Cir. 1980); Mowbray v. Cameron County, Tex., 274 F.3d 269, 277 (5th Cir. 2001); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990).

Accordingly, Plaintiff's claims regarding defamation, slander, and libel are frivolous and should be dismissed with prejudice.

**False Disciplinary Report**

Plaintiff complains that only he was charged for the contraband of the entire dorm. To the extent Plaintiff claims that he was issued a false disciplinary report, Plaintiff has no right which protects him from being charged with a disciplinary offense. This is true regardless of the truth of the initial report. Freeman v. Rideout, 808 F.2d 949, 952 (2nd Cir.1986); Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir.1984); Cardine v. Tucker,

23 F.3d 406, (6th Cir.1994). Even if the actions of Defendants resulted in false disciplinary action being taken against him, Plaintiff's claim against them is not cognizable because he has no constitutional protection from being wrongly charged with a disciplinary offense.

Accordingly, Plaintiff's claims regarding the false disciplinary report should be dismissed with prejudice as frivolous.

**Retaliation Claim**

Plaintiff claims he was placed on lockdown for three days because he filed a grievance in the administrative remedy procedure. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive, the complained of incident – the placement on lockdown - would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

The retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no specific allegations showing that "but for" this retaliatory motive the three-day lockdown would not have occurred. Furthermore, Plaintiff does provide the court with a response to his grievance regarding the retaliation which states that he was placed on lockdown for three days for contraband [Doc. 1, p. 25].

Accordingly, Plaintiff's claims regarding retaliation should be dismissed with prejudice as frivolous.

**Legal Mail Claims**

Plaintiff claims that on September 14, 2023, his legal mail was opened. The opening of a prisoner's legal mail outside of his presence does not rise to the level of a constitutional violation. Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 2009) (recognizing that "the violation of [a] prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights" when there is no proof that such tampering was prejudicial to the inmate's access to the courts and when the practice was reasonably related to legitimate penological interests); Henthorn v. Swinson, 955 F.2d 351, 353 (5th Cir. 1992) (rejecting a complaint concerning the opening of legal mail not bearing the required "special mail" inscription outside of an inmate's presence); See also Singletary v. Stadler, 2001 WL 1131949 (5th Cir. 2001) (unpublished per curiam) (affirming that "prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected"). This is still true even if the prison has a policy that such mail is to be opened only in the inmate's presence, because "a prison official's failure to follow the prison's own policies does not, itself, result in a constitutional violation." Samford v. Dretke, 562 F.3d 674, 681 (5th Cir. 2009).

Accordingly, these claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff is a prisoner, this court may dismiss the complaint before or after service of process, and before or after answers have been filed, if it finds the complaint "frivolous" or if it "fails to state a claim upon which relief may be granted". See 28 U.S.C.

§ 1915A; See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998), cert. denied, 527 U.S. 1041 (1999).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 13th day of December, 2024.

Page **6** of **6**

Mark L. Hornsby
U.S. Magistrate Judge